UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD MAGEE, | No. 2:15-cv-2318 GGH P |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| ERIC ARNOLD, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Petitioner has paid the filing fee.  Petitioner challenges the 2014 decision by the California Board of Parole Hearings (BPH), not because he was found unsuitable for parole, but because it failed to comply with procedural policies calculation of an adjusted base term ) set forth in a state court case, In re Butler.  Petitioner believes that if such policies were followed, California case law would require his release.  The UNDERSIGNED ORDERS PETITIONER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED.  The undersigned will also invite the views of the California Attorney General via a response to any filing petitioner makes.

---

[1] This action is before the undersigned pursuant to petitioner's consent to proceed before a magistrate judge.  28 U.S.C. § 636(c).

1

The undersigned's tentative opinion on the dismissal is set forth below.

Review of the federal habeas petition and attached exhibits demonstrates that petitioner is not entitled to relief on the grounds alleged, thus requiring dismissal of the petition. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition....").

Petitioner's underlying claim is that when he appeared for his parole hearing on May 9, 2014, the BPH, in finding him unsuitable for parole, "fixed only his base term, [] and refused to fix his adjusted base term which would have involved specific enhancements, then deducting pre-prison credits and applicable post-conviction credits," in accordance with a settlement agreement in a state court case (In re Butler, California Court of Appeal Case No. A139411 (First Appellate District, Division 2)). Petitioner complains that with the Butler settlement, the BPH's policy changed from fixing base terms and adjusted base terms only after a finding of parole suitability, to a new policy which mandated that the BPH fix terms even where the prisoner has been found unsuitable or denied parole. Petitioner contends that the BPH's failure to comply with this settlement agreement violates his due process and equal protection rights, as well as the First and Eighth Amendments because it has impeded his right of access to the courts, and is cruel and unusual punishment. (ECF No. 1 at 5-6.) Petitioner states that although he was sentenced to seven years to life with the possibility of parole, he has served 36 years, which is twice the middle term of fifteen years which under the BPH matrix is the middle term and represents the statutory maximum. At his 2014 parole hearing, petitioner contends that the BPH set his base term at fifteen years, with no other adjustments. As petitioner has already served twice the amount of the fifteen year maximum term set by the BPH, he ultimately claims his sentence is grossly disproportionate and constitutes cruel and unusual punishment. (ECF No. 1 at 7-8.)

The case of In re Butler was actually two cases, one dealing with Butler's suitability for parole, formerly published at 224 Cal. App. 4th 469 (2014) and ordered depublished, now appearing at 169 Cal. Rptr. 3d 1, and a separate lawsuit relating to the issues discussed above. Evidently, the settlement in the latter case requires the Board to announce and implement the

2

procedures petitioner herein contends should be applied to him. See in re Butler, 236 Cal. App. 4th 1222, 187 Cal. Rptr. 3d 375 (2015) and 2015 WL 365 8409 (Cal. App. 2015). Apparently, the stipulated order settling the case applied to a class of California prisoners. In re Butler, 236 Cal. App. 4th at 1244. The calculating of the base and adjusted base terms at the outset of the sentence was viewed as assisting the courts in determining whether an indeterminate sentence was becoming excessive, or was in fact excessive. In re Butler, 236 Cal. App. 4th at 1243-44.[2] This calculation might have a potential to discourage BPH from unduly denying parole suitability, but the case did not mandate parole suitability findings in a prisoner's favor at any particular time. Id. Thus, the calculation of base and/or an adjusted base term in petitioner's case would have only a speculative effect on whether petitioner would be granted parole before the expiration of his life. Regardless, speculative or not, In re Butler deals with only with state administrative law, i.e., procedures to be followed by the BPH.

In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the BPH and/or the governor. See Swarthout v. Cooke, 562 U.S. 216, 131 S.Ct. 859, 861 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided.[3] Id. at 861–62. Federal due process protection for such a state-created liberty interest is "minimal," the determination being whether "the minimum

---

[2] California's parole scheme contemplates that a prisoner sentenced to a term of seven years to life must be found suitable for parole before a parole date can be set. Criteria for determining whether a prisoner is suitable for parole are set forth in California Penal Code § 3041(b) and related implementing regulations. See Cal.Code Regs. tit. 15, § 2402. If, pursuant to the judgment of the panel, a prisoner will pose an unreasonable danger to society if released, he must be found unsuitable and denied a parole date. Cal.Code Regs. tit. 15, § 2402(a).

[3] Citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979), the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout, 131 S.Ct. at 862.

procedures adequate for due-process protection of that interest" have been met.  The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied.  Id. at 862–63; Miller v. Oregon Bd. of Parole and Post–Prison Supervision, 642 F.3d 711, 716 (9th Cir.2011) ("The Supreme Court held in Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision.") (emphasis in original).  This procedural inquiry is "the beginning and the end of" a federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole.  Swarthout, 131 S.Ct. at 862.  The Ninth Circuit has acknowledged that after Swarthout, substantive challenges to parole decisions are not cognizable in habeas.  Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir.2011).

Moreover, petitioner's argument that the Board fixed only his base term but did not set an adjusted based term raises only an issue of state law.  As set forth in Swarthout, the *federal* due process protections do not include adherence to California procedures.  As more recently re-emphasized by the Supreme Court, "we have long recognized that 'a "mere error of state law" is not a denial of due process.'"  Swarthout, 131 S.Ct. at 863 (citations omitted).  Federal habeas review does not lie for alleged errors of state law.  Id.  See also Rivera v. Illinois, 556 U.S. 148, 158 (2009):

> "[A] mere error of state law," we have noted, "is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121, n. 21, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (internal quotation marks omitted). *See also Estelle v. McGuire*, 502 U.S. 62, 67, 72–73, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).  The Due Process Clause, our decisions instruct, safeguards not the meticulous observance of state procedural prescriptions, but "the fundamental elements of fairness in a criminal trial [or a parole hearing]." *Spencer v. Texas*, 385 U.S. 554, 563–564, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

As stated in Little v. Crawford, 449 F.3d 1075, 1083 n. 6 (9th Cir.2006), a showing of a possible "'variance with the state law'" does not constitute a federal question, and federal courts "'cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question.'" (citation omitted).  See also Bonin v. Calderon, 59 F.3d 815, 841 (9th Cir.1995)

4

(transgression of a "state law right does not warrant habeas corpus relief"); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" actions). Accordingly, even if the Butler settlement is in effect at this time and requires the adjusted base term to be set in this case, that term is to be made by the BPH in accordance with California law, not by this federal habeas court.

Thus, petitioner's ultimate constitutional claims derived from state law and the California constitution, asserting violation of substantive due process and/or cruel and unusual punishment run afoul of the same state law irrelevancies for the federal interests involved. Although petitioner's arguments arguably find potential merit within the California system,[4] but evidently not with the state courts which reviewed petitioner's claims in his case, petitioner essentially asks this court to "overrule" the state courts in *his* case, and determine the matter anew applying its own "correct" interpretation of California case law.[5] Again, the Supreme Court has clarified that the only *federal* issue that this federal court my hear in regard to petitioner's suitability for parole is whether he received due process, that is an opportunity to be heard and a statement of reasons

---

[4] California law recognizes the right to a fixed parole date for indeterminate sentences, unless the BPH legitimately finds that public safety requires continued incarceration, to be a matter of substantive due process. See In re Lawrence, 44 Cal. 4th 1181 (2008). Some appellate cases have indicated that a term of imprisonment in excess of the maximum base term calculated by the BPH, or the adjusted base term, to be possibly a matter of cruel and unusual punishment under *state* law. See In re Stoneroad, 215 Cal. App. 4th 596, 654-655 (2013).

[5] In any event, petitioner's ultimate claim rests on the misapprehension that under state law the base term is the full measure of the time he legally can be required to serve for his crime and that, if the numbers set forth in the matrix are exceeded, his sentence will *automatically* be rendered cruel and unusual. Petitioner is informed that the base term is simply a starting point, and his "adjusted period of confinement" will consist of his base term plus "any adjustments." Cal Code Regs. tit. 15, § 2411(a). Such adjustments may be made for use of or being armed with a weapon, causing great loss, prior prison term(s), multiple convictions, and other factors such as pattern of violence, numerous crimes or crimes of increasing seriousness, the defendant's status at the time (e.g., on parole or probation), as well as other aggravating factors. Cal.Code Regs. tit. 15, §§ 2406–2409. These are matters for the Board's consideration at petitioner's next parole suitability hearing. As described here, the opportunity for a suitability hearing, even with a direction to consider relative culpability, does not restrict the discretion otherwise granted to the BPH to determine when a prisoner will actually be released on parole, albeit that discretion must be exercised reasonably pursuant to California law. Lawrence, supra. The BPH does not sentence petitioner; only the sentencing court can do that. The BPH cannot revise sentences; it can only act within California law to set parole dates, if prisoners sentenced to an indeterminate term are found suitable for parole at all.

5

1 for the parole denial.  <u>Swarthout</u>, 131 S.Ct. at 862.  The transcript from the hearing indicates that
2 petitioner was represented by counsel and both counsel and petitioner were present and had an
3 opportunity to present their arguments and were then informed on the record why parole was
4 denied.  (ECF No. 1 at 11-20, 50-52.)  The federal Due Process Clause requires no more.
5 Petitioner's argument fails under Section 2254 habeas review because it implicates questions of
6 state law only, specifically the question of how petitioner's adjusted period of confinement should
7 be calculated under California law and the outcome of that calculation if and when he is found
8 suitable for parole in the future.

9  Even if this court interprets petitioner's claim herein as one being sought directly under
10 the Eighth Amendment to the federal Constitution, and not the similarly worded state
11 constitution, petitioner's claim also fails.  "There is no constitutional or inherent right of a
12 convicted person to be conditionally released before the expiration of a valid sentence."
13 <u>Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex</u>, 442 U.S. 1, 99 S.Ct. 2100,
14 2104 (1979).  And the maximum sentence petitioner received, as even petitioner concedes, is
15 potentially life imprisonment.  The possibility that Petitioner will have been incarcerated in
16 excess of the applicable base term if and when he ultimately is found suitable for parole does not
17 implicate the Eighth Amendment, given his "life" sentence.

18  The Supreme Court has never held that a sentence of seven years to life, in and of itself,
19 violates the Cruel and Unusual Punishment Clause.  It has also not determined that such a
20 sentence imposed for the crime of first degree murder is excessive for purposes of the Eighth
21 Amendment.  As petitioner is serving a sentence that is consistent with California law, his
22 punishment cannot be considered excessive or disproportionate under clearly established Eighth
23 Amendment precedent.  <u>See</u> <u>Ewing v. California</u>, 538 U.S. 11, 123 S.Ct. 1179, 1186–87 (2003)
24 ("'Eighth Amendment does not require strict proportionality between crime and sentence'";
25 "'[r]ather, it forbids only extreme sentences that are "grossly disproportionate" to the crime'")
26 (citation omitted); <u>see</u> also <u>Harmelin v. Michigan</u>, 501 U.S. 957, 111 S.Ct. 2680, 2701–02 (1991)
27 (upholding sentence of life without the possibility of parole for possession of 672 grams of
28 cocaine by first time offender); <u>Lockyer v. Andrade</u>, 538 U.S. 63, 123 S.Ct. 1166, 1173–75

1   (2003) (affirming 25 years to life sentence under Three Strikes law for petty theft of $153.54
2   worth of videotapes).  These Supreme Court decisions indicate that the term Petitioner has served
3   to date for the crime of first degree murder with the use of a firearm is not so disproportionate as
4   to violate the Eighth Amendment or due process.
5         To state an Equal Protection claim, petitioner must allege that he was intentionally treated
6   differently from others similarly situated and that there was no rational basis for the difference in
7   treatment.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); City of Cleburne,
8   Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 446 (1985).  Petitioner has not shown that he
9   was intentionally treated differently from other similarly situated parole applicants.  See Remsen
10  v. Holland, 2012 WL 5386347, at *5 (E.D.Cal. Nov.1, 2012) (in light of discretionary and "highly
11  fact bound" nature of parole decision, and legal standards governing parole decision, "the
12  histories of other prisoners do not establish that Petitioner was similarly situated with other
13  prisoners or tend to show any invidious discrimination that would be protected under the federal
14  Equal Protection Clause"); Rowe v. Cuyler, 534 F.Supp. 297, 301 (E.D. Pa. 1982), aff'd, 696 F.2d
15  985 (3d Cir. 1982) (unpublished disposition) ("Indeed, it is difficult to believe that any two
16  prisoners could ever be considered 'similarly situated' for the purpose of judicial review on equal
17  protection grounds of broadly discretionary decisions [such as eligibility for prison pre-release
18  program] because such decisions may legitimately be informed by a broad variety of an
19  individual's characteristics."); see also Wilson v. Walker, 2011 WL 572116, at *4 (E.D. Cal. Feb.
20  15, 2011), adopted, 2011 WL 1087285 (E.D. Cal. Mar. 23, 2011) ("petitioner was treated equally
21  to other indeterminate life-term inmates seeking parole in that he was given a hearing pursuant to
22  state law where his individual circumstances were considered in determining whether he was
23  suitable for parole").  For these reasons, petitioner has not stated a potentially colorable Equal
24  Protection claim.  This claim should be dismissed.
25        Finally, petitioner argues that the BPH's failure to abide by the Butler settlement and fix
26  his adjusted base term violates the First Amendment and his right of access to the courts.  The
27  cases he cites in support, People v. Wingo, 14 Cal.3d 169 (1975), and People v. Romo, 14 Cal.3d
28  189 (1975), concern the Eighth Amendment and the Equal Protection Clause, not the First

Amendment. Petitioner has made no allegation that his right of access to the courts has been impeded. Therefore, this claim is rejected.

It does not appear from the claims raised in the petition and appended exhibits that petitioner is entitled to federal habeas relief.

Accordingly, IT IS ORDERED that:

1. Petitioner show cause in writing why his petition should not be summarily dismissed, i.e., he is to respond to the court's tentative opinion within thirty (30) days of the filed date of this order to show cause;

2. The Clerk of the Court is directed to serve a copy of the petition filed in this case together with a copy of this order on Michael Patrick Farrell, Senior Assistant Attorney General;

3. Respondent may file a response within twenty (20) days of petitioner filing his response to the tentative order; in the response, respondent shall indicate whether respondent consents to proceed before the undersigned pursuant to 28 U.S.C. section 636(c).

Dated: January 19, 2016

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/mage2318.prlscrn